371 A.2d 983

**COMMONWEALTH of Pennsylvania**

v.

**Gerald NAGEL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided March 31, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Bert M. Goodman, Assistant District Attorney, Lansdale, and Eric J. Cox, Assistant District Attorney, Conshohocken, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On November 15, 1968, Montgomery County issued indictments against appellant charging him with various theft offenses. Trial was scheduled for February 16, 1970. However, when appellant failed to appear, a bench warrant for his arrest was issued.

Shortly thereafter, appellant was apprehended by Philadelphia authorities on unrelated charges. He was sentenced in Philadelphia to a term of imprisonment of one to three years. While appellant was imprisoned on the Philadelphia charges, Montgomery County lodged a detainer against him.

When appellant. was paroled on the Philadelphia charges, he was taken into custody by Montgomery County officials. On December 30, 1970 appellant plead-

ed guilty to the aforementioned Montgomery County charges, and he was sentenced to imprisonment for six months to five years. After serving the minimum sentence, appellant was paroled. While on parole, he was again convicted in Philadelphia of further crimes.

On May 13, 1975, appellant filed a *pro se* petition under the Post Conviction Hearing Act,[1] alleging that the Montgomery County convictions were obtained in violation of Pa.R.Crim.P. 1100. Counsel for appellant was appointed, and on August 1, 1975, a supplemental petition was filed alleging that appellant had been denied the effective assistance of counsel. At the PCHA hearing held on October 3, 1975, appellant was the sole witness.[2] On October 6, 1975, the lower court dismissed both the original and supplemental petitions. We affirm.

On appeal, appellant has abandoned his Rule 1100 claim and relies exclusively on his allegation that he was denied effective assistance of counsel. Although appellant failed to raise this issue on direct appeal, it is properly before us now. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Specifically, appellant complains that he was not informed of his right to a speedy trial under the Act of June 28, 1957, P.L. 428, § 1 (19 P.S. § 881). That statute provides in part:

"Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of im-

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 (Supp.1976–77)) *et seq.*

2. Appellant's trial counsel, Frank S. Dreeben, Esquire, had been subpoenaed by the Commonwealth but was unable to attend the hearing on time. After the appellant had closed his case, the Commonwealth agreed to close the record without the testimony of Mr. Dreeben.

prisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. . . ."

Initially, it should be noted that counsel's failure to inform appellant of his rights, alone, cannot be regarded as ineffective assistance of counsel. An attorney conducting a defense cannot be expected to explain every conceivable right to his client, including those that are irrelevant. Once counsel is retained, he not, his client, is manager of the lawsuit. *Commonwealth ex rel. Bell v. Rundle,* 420 Pa. 127, 216 A.2d 57, *cert. denied,* 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678 (1966). In order to prove ineffective assistance of counsel, appellant must prove [3] that counsel did not inform him of the right, that counsel's action had no reasonable basis designed to effectuate his client's interest, and that had counsel so informed him, appellant's potential for success would have been substantially greater. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Appellant has not met his burden of proof, for he has only produced evidence that counsel did not inform him of his rights under 19 P.S. § 881. Appellant's plea was accepted 281 days after his arrest. As the Commonwealth observes, there may have been tactical reasons for counsel's decision not to press the speedy trial claim. For example, counsel may have needed the extra time to establish the terms of a plea bargain for appellant. Also, appellant failed to appear on the date when trial was originally scheduled, necessitating the issuance of a

**3.** The burden of proving ineffective assistance of counsel in a PCHA proceeding is on the petitioner. 19 P.S. § 1180–3.

bench warrant. To follow this failure to appear with a demand for a speedy trial might have prejudiced him in the eyes of the sentencing judge. In addition, when appellant was finally sentenced, he had secured the possibility of outside employment. This fact presumably was regarded favorably by the sentencing judge. Therefore, appellant has not proved that counsel's action had no reasonable basis.

■ Another reason for rejecting appellant's claim is that he has not shown prejudice for which relief can be granted. At the PCHA hearing, appellant testified that as a result of his failure to secure a speedy disposition of the pending indictments, he was unable to obtain interesting work assignments while in prison. Appellant was also detained in the maximum security section of the prison and was not granted furloughs. However, this is not the type of prejudice which is cognizable on a claim of ineffective assistance of counsel.

■■ When a petitioner has proved he was denied effective assistance of counsel, he must be afforded appropriate relief. *Commonwealth v. Hubbard, supra.* Appellant does not contend that the indictments against him should have been dismissed. The relief requested in appellant's brief is a new trial. However, appellant does not contend that his guilty plea was involuntarily or unintelligently made, and, therefore, he has not provided us with a reason to grant him a new trial.

The order of the lower court is affirmed.