393 A.2d 745

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gary Eugene LAUDENSLAGER.**

Superior Court of Pennsylvania.

Argued June 12, 1978.

Decided Oct. 20, 1978.

Robert F. Banks, First Assistant District Attorney, Williamsport, for Commonwealth, appellant.

David K. Boyer, Assistant Public Defender, Williamsport, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appellee Gary Eugene Laudenslager was arrested on November 25, 1975, pursuant to a complaint filed the same day, and was charged with various drug offenses. Due to conflicting reports (one by a defense witness) concerning the chemical composition of the allegedly-illegal substance, the Commonwealth, on May 12, 1976, filed an application for extension of time for commencing trial, simultaneously requesting the lower court to order an independent analysis of the substance. The application explained the problem of the conflicting reports and alleged due diligence. The Commonwealth also filed a "Criminal Continuance Request Form" containing essentially the same information and making the same request for additional time. The latter form was signed by appellee's attorney, agreeing to the extension of the trial date.

On May 14, 1976, the lower court issued a rule upon appellee to show cause why the trial deadline should not be extended. The rule specified that service was to be made on appellee's attorney by ordinary mail. The rule also stated: "The defendant and his attorney are hereby advised that pursuant to Rule 1100(c), the defendant shall also have the right to be heard upon the Commonwealth's application if he so desires." The last day for trial, unless extended, would have been May 23, 1976. On May 24, the lower court granted the Commonwealth's request and extended the time for trial to June 14–25, 1976.

On June 4, 1976, appellee himself filed a Motion to Quash Indictment. Hearing was held on the motion on September 13, 1976, at which time appellee testified that he had not been informed by his attorney until sometime in August of the application for extension of time, of the consent given by his attorney, or of the lower court's grant of the extension. The lower court found that consent to the extension of time had not been solicited or obtained from appellee himself, and relying on *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), the court below held that written consent of appellee's attorney, absent appellee's presence at a colloquy

or appellee's written consent, was ineffective as a waiver of appellee's right under Rule 1100 to trial within 180 days. The court granted appellee's motion, quashed the indictment, and ordered appellee discharged. The Commonwealth took this appeal from the Order of September 13, 1976 granting the motion to quash.

In *Myrick,* the case relied upon by the lower court, our Supreme Court stated that the basic requirements (written waiver, in-court colloquy) for making a valid waiver of various constitutional rights, would be "instructive" in any consideration of the validity of a claimed waiver of the protections of Rule 1100, although the limitations established by Rule 1100 were not required by the Constitution. Since the defendant in *Myrick* had been present for an on-the-record colloquy and had also signed a statement consenting to the extension of time, the Supreme Court of course found a valid waiver. The Supreme Court did *not* rule that the formal requirement of a consenting statement signed by the defendant, or an in-court colloquy with the defendant present, would be required for a valid waiver of Rule 1100 rights. The specific issue which faces our court, i. e., whether a defendant's attorney may waive his client's Rule 1100 rights, was not before the Court in *Myrick.*

Rule 1100(c) states:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

The Commonwealth in the case before us complied with the provisions of this section. Prior to the expiration of the period for commencement of trial, the attorney for the

Commonwealth filed a proper request for additional time in order to either confirm or disprove allegations by appellee's attorney that the allegedly illegal material was not what the Commonwealth's analysis initially showed it to be. As required by the rule, a copy of the request was served on the defendant *"through his attorney."* The rule provides that the defendant shall have the right to be heard on such request for additional time; however, in the case before us, an extension of time for an independent analysis could ultimately have resulted in a decision by the Commonwealth to drop the charges, and appellee's attorney (apparently without consulting with his client) consented to the extension of time. The Commonwealth justifiably relied on the consent of appellee's attorney. We find that the Commonwealth complied with the requirements of Rule 1100, and we find that the written consent of appellee's attorney, given as it was with appellee's best interests in mind, operated as a waiver of appellee's Rule 1100 rights.[1] We therefore reverse the Order of the lower court, order the charges to be reinstated, and remand the case for trial.

CERCONE, J., concurs in the result of this Opinion.

HOFFMAN, J., files a dissenting opinion. The decision in this case was made prior to the retirement of HOFFMAN, J.

SPAETH, J., files a dissenting opinion, in which JACOBS, President Judge, joins.

HOFFMAN, Judge, dissenting:

Appellant, the Commonwealth, contends that the lower court erred in discharging appellee pursuant to Rule 1100(f), Pa.R.Crim.P.; 19 P.S. Appendix. I disagree and would affirm the lower court.

The facts are not in dispute: On November 25, 1975, a criminal complaint was filed against appellee alleging various violations of the Controlled Substance, Drug, Device and

---

1. *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977), implies that had counsel for defendant clearly and formally consented to an extension of time for trial in order that an independent analysis of the drugs involved might be obtained, the running of the 180 days would have been tolled for that period of time.

Cosmetic Act.[1]  On March 5, 1976, appellee's counsel request-
ed a continuance because of a time conflict caused by his
involvement in an unrelated case.  The court granted a
continuance and set a new trial date.  On May 12, 1976, the
Commonwealth requested a continuance for the purpose of
obtaining a third chemical analysis of substances allegedly
sold and possessed by appellee.[2]  The grant of this petition
would delay the commencement of trial beyond the 180th
day.  The request was contained in a Criminal Continuance
Request Form upon which appellee's attorney noted his
assent.  Appellee did not sign the form.  On May 14, 1976,
the Commonwealth filed an "Application for Extension of
Time for Commencement of Trial and For Court Appointed
Chemist."  In its application, the Commonwealth alleged
that, despite its due diligence, it could not commence trial
before May 23, 1976, the 180th day after the filing of the
complaint.  Further, it asserted that the delay stemmed
from a discrepancy in the earlier chemical tests.  Without
conducting a hearing, the lower court, on May 14, 1976,
granted an extension for the commencement of trial until
thirty days after the receipt of a report from a chemist to be
selected by the court to analyze the controlled substances.
The court based its grant of the extension on the apparent
agreement of the parties.

On June 4, 1976, appellee filed a *pro se*."Motion to Quash
Indictment" pursuant to Rule 1100(f).  At a hearing on
September 13, 1976, appellee testified that he did not autho-
rize his lawyer to waive his Rule 1100 rights.  He also
claimed that he was unaware of both the Commonwealth's
request for an extension and the court's grant of that
request.

The lower court held that absent a recorded colloquy
between appellee and the court or a written consent by
appellee, the attempted waiver by appellee's attorney of
appellee's Rule 1100 rights was ineffective.  Because the

1.  P.L. 233, No. 64, § 1, eff. June 14, 1972;  35 P.S. § 780–101 et seq.

2.  Two earlier chemical analyses conducted at the request of the
defense and prosecution had yielded contrary results.

deadline for trial had passed, the lower court discharged appellee. This appeal followed.

The Commonwealth contends that the lower court erred in holding that the time for trial could not be extended without appellee's consent. In *Commonwealth v. Myrick,* 468 Pa. 155, 159, 360 A.2d 598, 600 (1976), our Supreme Court held that "Rule 1100, like the right to a speedy trial which it protects, may be waived." In formulating the requirements for the waiver of this rule, the court analogized to the basic requirements for a valid waiver of constitutional rights: "So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity. Absent this record indication of validity, the waiver will be ineffective. Moreover, these are merely formal indications of validity. In any waiver situation, the defendant may still attempt to prove that the waiver is invalid by showing that it was unknowing, unintelligent or involuntary." *Commonwealth v. Myrick,* supra, 468 Pa. at 160, 360 A.2d at 600. *See also: Commonwealth v. Robinson,* 468 Pa. 575, 591, 364 A.2d 665, 674 (1976). Because Rule 1100 is "designed to implement and protect a defendant's constitutional right to a speedy trial . . . . , the basic requirements for making a valid waiver of constitutional rights . . . are instructive in our consideration of the validity of a claimed waiver of the protection of rule 1100. Thus a waiver which would be formally adequate to waive a constitutional right would, *a fortiori,* be sufficient under the Federal Constitution to waive the protection of rule 1100." *Commonwealth v. Myrick,* supra, 468 Pa. at 161, 360 A.2d at 600. In *Myrick,* there was an on-the-record colloquy and a statement signed by the defendant and endorsed on the indictment indicating his willingness to extend the time for trial. The Court concluded that " . . . the Commonwealth's claim that appellant waived the protection of rule 1100 is formally valid, for either the colloquy or the signed statement could by [itself] be sufficient record indication that the waiver was, prima facie, informed and voluntary." *Commonwealth v. Myrick,* supra 468 Pa. at 161, 360 A.2d at 601.

In *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977), our Supreme Court held that the Commonwealth had not established a valid waiver of Rule 1100 rights. In *Lamonna,* the Assistant District Attorney assigned to prosecute the case drafted an agreement for an extension of time for the commencement of trial. In a hallway outside of a courtroom, the Assistant District Attorney raised the issue of the proposed stipulation with the defendant's counsel. According to the Assistant District Attorney's testimony,[3] opposing counsel's response "was to ask whether his client's attention was necessary or whether his own signature might do. There was no further exchange between the two men." *Commonwealth v. Lamonna,* supra, 473 Pa. at 257, 373 A.2d at 1359. The Court concluded that " . . . the record here does not support a finding that this defendant waived his right to protest non-compliance with Rule 1100, or that, by the conduct of his attorney, he can be said to have acquiesced in an extension of the period within which he should be brought to trial under the rule." *Commonwealth v. Lamonna,* supra, 473 Pa. at 258, 373 A.2d at 1360.

The instant case falls between *Myrick* and *Lamonna.* Unlike *Myrick* in which there was an unequivocal indication of a defendant's waiver of his Rule 1100 rights, the case at bar contains no evidence that appellee individually consented to a waiver of his Rule 1100 rights. In contrast to *Lamonna,* the instant case contains a clear manifestation of the assent of appellee's attorney to a waiver of appellee's Rule 1100 rights. The actions of the defendant's attorney in *Lamonna* were equivocal at best. As a result, the Supreme Court was unwilling to conclude that the attorney's acquiescence could be taken as consent to non-compliance with Rule 1100.[4]

In reconciling *Myrick* and *Lamonna,* I would hold that it is only the individual defendant who has the ability to waive his Rule 1100 rights. The individual, however, can waive his

---

**3.** The Assistant District Attorney testified at a hearing on the defendant's Rule 1100(f) application to dismiss the charges.

**4.** In *Commonwealth v. Lamonna,* supra, the Supreme Court concluded that, on the facts presented, the defendant's attorney had not consented to non-compliance with Rule 1100. The Court did not

Rule 1100 rights through the conduct of his attorney. Just as a waiver of Rule 1100 by an individual must be "an informed and voluntary decision," I would hold that in order for an attorney to waive those rights on a client's behalf, there must be an on-the-record indication that the attorney and client discussed the nature and consequences of the decision and that the client knowingly and voluntarily assented to the attorney's course of action.[5]

In the instant case, appellee's attorney signed a Criminal Continuance Request Form agreeing to the postponement of the time for the commencement of trial beyond the expiration of the Rule 1100 period. At no time before the hearing on appellee's Rule 1100(f) application did the lower court inquire into whether appellee knew of, or authorized, his attorney's actions. At the hearing on appellee's Rule 1100(f) application, appellee testified that he was unaware of his attorney's actions and that the Court had granted the continuance. The lower court accepted this testimony as true. As a result, there was no on-the-record indication that appellee and his attorney had discussed the nature and consequences of the decision to waive appellee's Rule 1100 rights and that appellee had knowingly and voluntarily assented to his attorney's course of action.

On this evidence, I would hold that appellee did not make "an informed and voluntary decision" to waive his Rule 1100 rights. *Commonwealth v. Myrick,* supra. Because the attempted waiver was ineffective and the Rule 1100 deadline for the commencement for trial had expired, I would affirm the lower court's order discharging appellee.

The decision in this case was made prior to the retirement of HOFFMAN, J.

decide whether and under what circumstances an attorney could waive a client's Rule 1100 rights.

**5.** In a dissenting opinion in *Commonwealth v. Shaffer,* 475 Pa. 256, 380 A.2d 341 (1977), Justice ROBERTS noted that certain decisions are personal to the accused and others are the responsibility of counsel. In order to waive a right whose exercise depends upon a defendant's own decision, Justice ROBERTS would require a knowing and intelligent abandonment of that right.

SPAETH, Judge, dissenting:

I join Judge HOFFMAN's dissenting opinion except in one respect. Instead of ordering appellee discharged, I should remand for a hearing on the Commonwealth's petition for extension. If after that hearing it were determined that the Commonwealth had exercised due diligence, the judgment of sentence would be reinstated.

JACOBS, President Judge, joins in this dissenting opinion.