400 A.2d 214

COMMONWEALTH of Pennsylvania

v.

Bonnie Irvine TAMI and Terry Tami, Appellants.

Superior Court of Pennsylvania.

Submitted April 14, 1978.

Decided March 28, 1979.

Alan Ellis, State College, and Paul D. Boas, of Berlin, Boas, Isaacson, Logan, Rosenfield & Sharon, Pittsburgh, for appellants.

Samuel F. Bonavita, District Attorney, Warren County, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellants, husband and wife, were found guilty by Honorable Robert J. Wolfe, President Judge, in a non-jury trial for violating the Drug, Device and Cosmetic Act of 1972[1] by delivering a controlled substance. Post verdict motions having been filed and denied, sentence was imposed and these appeals followed.

Initially, appellants contend the charges against them should be dismissed under Pa.R.Crim.P. 1100 because they were denied a speedy trial. The procedural history of the case is as follows. The complaints against appellants were filed August 25, 1976, which made the original run date under Rule 1100, February 21, 1977. They waived arraignment, but filed motions to dismiss the complaints on constitutional grounds. Arguments on these motions were scheduled for February 1, 1977. However, the cases were listed for a non-jury trial on January 28th. On January 21st, counsel for the appellants, Alan Ellis, Esq., in a letter addressed to Judge Wolfe, requested a postponement of the trial date, and that the hearing or argument on the motion to dismiss be rescheduled so that it could be heard "immediately prior to the non-jury trial"; and agreed to waive the provisions of Rule 1100. He also requested a rescheduling of the cases to a date after March 8th when he would have returned from his vacation. He also stated the Commonwealth had agreed. On January 28th, the Commonwealth petitioned the court for an extension of the permissible time for trial under Rule 1100(c) because of appellants' pending petition to dismiss which was to be argued on February 1, 1977. No hearing was held on the Commonwealth's petition, and it was granted ex parte on the day it was filed. An extension of 64 days from the original run date was granted making April 26, 1977 the last permissible date for trial. The trial commenced on March 21, 1977.

In their original appellate brief filed by new counsel, Paul Boas, Esq., appellants allege they had no notice of the

1. Act of April 14, 1972, P.L. 233, No. 64 § 13, as amended; 35 P.S. § 780–113 (Supp. 1976–77).

Commonwealth's petition for the extension. However, the record indicates their counsel did have notice. As previously stated, appellants had sent a letter to Judge Wolfe requesting an extension, and also indicating that it had been agreed to by the District Attorney. The Commonwealth's petition merely carried out that agreement. *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977) indicates this was a waiver, if not an agreement, that the Commonwealth's petition be granted ex parte. See also *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975).

Appellants' argument that their counsel's waiver of Rule 1100 was improper is clearly without merit as demonstrated by the record. No hearing is necessary to show that he had the best interest of his clients in mind when he sought or agreed to a continuance so that his motion to dismiss could be argued before trial and at a time he would be available. *Commonwealth v. Laudenslager*, 259 Pa.Super. 118, 393 A.2d 745 (1978) presented a similar situation.

We conclude that the lower court did not err in dismissing appellants' petition under Rule 1100.

 We next proceed to a consideration of appellants' argument that their waiver of a jury trial was not knowingly and intelligently made. This argument is based on the requirements of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), one of which is that the person, in waiving his or her right to a jury trial, must be informed that the jury would be chosen from members of the community and that he or she would be allowed to participate in the selection of the jury. Appellants do not question any other points required by *Williams*. Appellants argue this information was not given to them and therefore their waiver was invalid.

Our examination of the original record indicates that such information was not included on the colloquy given them by the court on January 17, when their waiver was made. The Commonwealth argues and the lower court concluded that this omission was supplied by the following circumstances:

Although the appellants waived their right to be present at their arraignment on October 7, 1976, and had pled not guilty and requested a jury trial by a letter from their attorney to the District Attorney dated September 27, 1976, they did appear in person in court with their attorney on January 17, 1977 which was the day set aside for the selection of all juries for the coming Warren County Criminal trial term. Their purpose of being there that day was to select a jury in the case. The jury panel was physically present in the court room along with the lists showing that the panel had been drawn from the community. At that time, the appellants were informed of their rights to a jury of twelve and that the jurors must all agree upon guilt or the defendants would be found not guilty. From these circumstances, the Commonwealth argued that, since the appellants, with the advice of counsel, agreed to waive a jury trial at that time, they cannot complain. From our review of the record, however, it is clear that appellants were not specifically given this information in the colloquy directed to them personally when their waiver was accepted. This information cannot be inferred from the circumstances of the time, place and nature of the proceedings.

Pa.R.Crim.P., 1101 requires that the Judge in accepting a waiver of jury trial "shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear of record." *Williams* demands strict compliance with the provision that the colloquy advising accused of their constitutional rights, one of which is to participate in the selection of the jury panel, shall be self sustaining and appear of record. In that case, subsequent admissions by the accused that he fully understood his actions were held insufficient to satisfy the rule. Based on the same reasoning, we are constrained to conclude that neither prior advice, nor the circumstances and purpose of appellants presence in court on January 17th, are sufficient to supply the omissions in the colloquy before us. Also see *Commonwealth v. Hooks,* 450 Pa. 562, 301 A.2d 827 (1973) wherein it is stated "The intelligence of such a waiver may

not be presumed, guessed or conjectured." Thus, appellants' waiver of a jury trial was invalid, requiring a reversal of the judgments of sentence, and the grant of a new trial to them.

In view of this conclusion, it will be unnecessary to pass on the other reasons asserted by appellants, all of which are related to the non-jury trial and the sentence imposed as a result thereof.

Judgments of sentence reversed and a new trial granted to each appellant.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the judgments of the court below.