431 A.2d 291

**COMMONWEALTH of Pennsylvania**

v.

**Daniel E. DANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed June 12, 1981.

William A. Dopierala, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This appeal is from an order denying relief under the Post Conviction Hearing Act [1] where the sole allegation involved the denial of appellant's constitutional right to representation by competent counsel. We affirm.

On May 5, 1975, appellant was arrested and charged with statutory rape, incest, and corruption of minors. Eleven days later, an appearance was entered on his behalf by an attorney from the Public Defender's Office of Erie County. On September 8, 1975, the aforesaid attorney's father, who was also a practicing attorney within the county and whose first and last name were the same as his Assistant Public Defender-son, was arrested by the Pennsylvania State Police on a number of charges.

The arrest of the father of appellant's then-attorney led to great publicity, including coverage by all major television stations in the Erie County area, as well as the local newspaper.

On September 11, 1975, three days after his father's arrest and the resultant publicity, appellant's counsel filed an Application for Continuance in this as well as twenty-five other pending cases. The basis for the Application[s] was counsel's belief that the name similarity could adversely affect the rights of his client[s] in that there could arise an inference of improper conduct on counsel's part. Counsel believed that it would be prejudicial to the defendant to proceed to trial under the aforestated circumstances.

---

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 et seq., as amended Nov. 25, 1970, P.L. 759, No. 249, § 1, 19 P.S. § 1180–1, et seq. (Supp.1979–80), herein: PCHA.

As part of his Application, counsel waived the defendant's rights under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. The defendant was not notified of counsel's intention to present the Application nor did the defendant join therein.

Defendant was tried on November 10, 1975 (eight days after the expiration of the 180-day period) which trial resulted in a hung jury. No objection was raised at trial, by trial counsel (an Assistant Public Defender other than the counsel whose alleged ineffectiveness is here at issue). On November 26, 1975, both the defendant and his trial counsel joined in the Commonwealth's Petition to Extend Time for Prompt Trial which petition had been prompted by the hung jury. On December 17, 1975, the lower court granted the Commonwealth's petition and scheduled the retrial for the January 1976 term of the criminal court. Defendant was tried and found guilty of two counts of statutory rape and two counts of corruption of minors on January 14, 1976.

Following denial of post-trial motions, a PCHA petition was filed by the defendant on May 4, 1977, pro se, and an amended PCHA petition was filed by appointed counsel on August 23, 1977. The lower court sustained defendant's claim of ineffectiveness of post-trial counsel and granted leave to defendant to perfect a direct appeal to the Superior Court.

On November 17, 1978, the Superior Court affirmed the judgment of sentence.[2]

A second PCHA petition was filed on February 8, 1979, which was dismissed without hearing on March 7, 1979. Counsel was again appointed for defendant, and a third PCHA petition was filed, pointing out that the factual allegations regarding alleged ineffectiveness of counsel in the prior petition required a hearing. An evidentiary hearing was then held and the lower court, on November 9, 1979 filed its opinion and order denying relief.

2. 261 Pa.Super. 605, 396 A.2d 820 (1978).

The question posed by appellant in this second appeal is whether counsel's unilateral waiver of defendant's Rule 1100 rights prior to his first trial constituted ineffective representation. The standard for determining whether appellant's prior counsel was ineffective is well established.

" . . . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." *Commonwealth v. Maroney*, 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967). (emphasis in original)

Counsel's failure to inform the appellant of his Rule 1100 rights, alone, cannot be regarded as ineffective assistance of counsel. As set forth in *Commonwealth v. Nagel*, 246 Pa.Super. 576, 580, 371 A.2d 983, 985 (1977):

"In order to prove ineffective assistance of counsel, appellant must prove that counsel did not inform him of the right, that counsel's action had no reasonable basis designed to effectuate his client's interest, and that had counsel so informed him, appellant's potential for success would have been substantially greater." (footnote and case citation omitted.)

We agree with the learned Judge Anthony in the lower court that defense counsel's action in petitioning for a continuance following the adverse publicity surrounding his father's arrest was intended solely to effectuate his client's best interests in that counsel was trying to avoid a tainted jury and thereby prevent the defendant's rights from being adversely affected.

In view of appellant's having joined with his successor counsel in the Commonwealth's Petition for Extension of Time, which joinder and extension occurred *after* the pre-tri-

al proceeding here under review, we are unable to conclude that, had pre-trial counsel informed appellant of his Rule 1100 rights, at, or before, the presentation of the Application for Continuance, appellant's potential for success would have been substantially greater.

We note that in *Commonwealth v. Laudenslager*, 259 Pa.Super. 118, 393 A.2d 745 (1978), this Court had reviewed the written consent of defendant's attorney to an extension of trial date and reversed the lower court's order discharging defendant, where the defendant had neither been present at a Rule 1100 colloquy nor joined in his attorney's consent. In that case, the Court had carefully reviewed the import of *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). Two months after *Laudenslager*, this Court considered a similar contention regarding trial counsel's ability to waive a defendant's Rule 1100 rights in *Commonwealth v. Walley*, 262 Pa.Super. 496, 396 A.2d 1280 (1978). There, at counsel's request, several continuances were granted which extended the trial date beyond the 180-day limit mandated by Rule 1100.

Although the *Walley* court found that the Rule 1100 claim had not been properly preserved for appellate review, the court did state, through Judge Price:

"In conjunction with this claim, appellant apparently contends that prior counsel could not validly obtain continuances and waivers of Rule 1100 rights absent appellant's knowing consent noted on the record. This claim is patently frivolous. We have held inferentially that counsel may request continuances that postpone trial commencement beyond the 180 day limit without the specific signed consent of his client . . . Continuances are a matter of sound trial strategy within the reasonable purview of counsel. To hold that counsel cannot unilaterally request continuances that delay the start of trial past the Rule 1100 limit would severely hamper his ability to effectuate trial strategy." 262 Pa.Super. at 502, 396 A.2d at 1283.

We therefore conclude that the argument of appellant's counsel relating to the presumed need of colloquy or written consent by the defendant has already been decided.

The order of the lower court filed November 9, 1979 denying appellant's Petition for Relief under the Post Conviction Hearing Act is affirmed.

SPAETH, J., files a concurring opinion.

POPOVICH, J., files a dissenting opinion.

SPAETH, Judge, concurring:

As Judge JOHNSON's opinion makes plain, the appellant did not himself waive his Rule 1100 rights; his attorney assumed to do that for him, without consulting him.

In *Commonwealth v. Laudenslager*, 259 Pa.Super. 118, 393 A.2d 745 (1978), Judge HOFFMAN expressed the opinion that

> in order for an attorney to waive those rights, [*i. e.*, a defendant's rights under Rule 1100] on a client's behalf, there must be an on-the-record indication that the attorney and client discussed the nature and consequences of the decision and that the client knowingly and voluntarily assented to the attorney's course of action.
>
> *Id.*, 259 Pa.Super. at 126, 393 A.2d at 749 (footnote omitted.)

This opinion, however, did not command a majority, since only President Judge JACOBS and I joined it (although we would have remanded for hearing instead of ordering a discharge). In the opinion of the majority,

> the written consent of appellee's [the defendant's] attorney, given as it was with appellee's best interests in mind, operated as a waiver of appellee's Rule 1100 rights.
>
> *Id.*, 259 Pa.Super. at 122, 393 A.2d at 747 (footnote omitted).

In *Commonwealth v. Tami*, 264 Pa.Super. 535, 400 A.2d 214 (1979), the defendants had no notice of the Commonwealth's petition for an extension. Nevertheless, we held:

> Appellants' [the defendants'] argument that their counsel's waiver of Rule 1100 was improper is clearly without merit .... No hearing is necessary to show that he had the best interest of his clients in mind when he sought or

agreed to a continuance so that his motion to dismiss could be argued before trial and at a time he would be available. *Commonwealth v. Laudenslager*, 259 Pa.Super. 118, 393 A.2d 745 (1978), presented a similar situation.

*Id.*, 264 Pa.Super. at 538, 400 A.2d at 216.

Judge JACOBS and Judge HOFFMAN did not participate in this decision. I did, but I did not dissent, for it seemed to me that by then *Laudenslager* had become the law.

I therefore conclude, as does Judge JOHNSON, that in the present case counsel may not be held ineffective on the sole ground that he failed to obtain appellant's knowing and voluntary waiver of his Rule 1100 rights. *See Commonwealth v. Nagel*, 246 Pa.Super. 576, 371 A.2d 983 (1977).

POPOVICH, Judge, dissenting:

The majority today gives judicial sanction to the emasculation of a cherished right protected by Pa.R.Crim.P. 1100, i. e., the right to a speedy trial. Hence, I must register my dissent.

Appellant, Daniel E. Daniels, was charged on May 5, 1975, with various crimes, arrested, and placed in jail prior to the commencement of trial. Pursuant to Rule 1100, that trial should have occurred before November 2, 1975. Before the scheduled trial date, his attorney filed a Motion for Continuance waiving appellant's Rule 1100 rights. Appellant was brought to trial eight days after the original run date, on November 10, 1975.

Until that time, appellant was languishing in jail totally unaware of the Motion for Continuance filed on his behalf. Furthermore, there is no evidence in the record to indicate: (a) that there was prior consultation with appellant by his attorney; (b) that appellant consented to such action; (c) that appellant acquiesced to counsel's Motion; or (d) that appellant was present at the waiver proceeding.

This writer considers certain rights so personal in nature, e. g., the right to appeal, the right to enter a plea of guilty, the right to a jury trial, and the right to testify on one's own

behalf, that a decision to waive these fundamental guarantees is to be exercised by the accused *himself*; and the role of the attorney is to be limited to giving advice and counsel. See *Wainwright v. Sykes*, 433 U.S. 72, 91–94, 97 S.Ct. 2497, 2509–2510, 53 L.Ed.2d 594, 610–12 (1977) (Burger, C. J., Concurring Opinion); *Commonwealth v. Shaffer*, 475 Pa. 256, 263, 380 A.2d 341, 345 (1977) (Roberts, J., Dissenting Opinion, joined by Manderino, J.); ABA Project on Standards for Criminal Justice, The Prosecution Function and Defense Function § 5.2, pp. 237–238 (App. Draft 1971).

The right to a speedy trial, protected by Art. I, § 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution, should be accorded no less deference by this Court. Today, the majority undermines that principle in the law. This writer, contrary to the view espoused by my brethren, would require some evidence on-the-record indicating that the attorney and client discussed the nature and consequence of a decision to waive one's right to a speedy trial. See *Commonwealth v. Laudenslager*, 259 Pa.Super. 118, 122–26, 393 A.2d 745, 747–749 (1978) (Hoffman, J., Dissenting Opinion, joined in part by Jacobs and Spaeth, JJ.).*

---

* This writer takes exception to Judge Spaeth's remark that by the time the *Commonwealth v. Tami*, 264 Pa.Super. 535, 400 A.2d 214 (1979) decision was rendered, ". . . it seemed to [him] that . . . *Laudenslager* had become the law." Commonwealth v. Daniels, 288 Pa.Super. 69, 76, 431 A.2d 291, 294 (1981) (Spaeth Jr., Concurring Opinion). Implicit in Judge Spaeth's conclusionary statement is the notion that the validity of a ruling is to be assumed from the mere passage of time. Prior to *Tami*, it is to be noted that *Commonwealth v. Walley*, 262 Pa.Super. 496, 396 A.2d 1280 (1978) was the only case addressing the validity of counsel's unilateral waiver of his client's Rule 1100 rights. Ironically, *Walley* makes no mention of *Laudenslager*. Although a rule of law may have emerged from a case, that does not foreclose its subsequent scrutiny by the Courts in ascertaining whether it is still jurisprudentially sound. Since the law is a "living and developing legal system . . . rather than . . . a static set of rules," *Estate of Grossman*, 486 Pa. 460, 470, 406 A.2d 726, 729 (1979), the policy of *stare decisis* is not to be adhered to with such blind obedience that one's constitutional rights, e. g., to a speedy trial, are impinged. The better practice would be to examine the continuing viability of our decisions where the need so requires. The instant case is such a situation. Therefore, because I consider the right to a

speedy trial so personal in nature that it cannot be waived by an attorney without advance consultation with his client, I cannot join in a decision that erodes such a cherished constitutional right.