**INGERSOLL–RAND EQUIPMENT CORPORATION, Plaintiff,**

v.

**TRANSPORTATION INSURANCE COMPANY; Scanlon, Howley, Scanlon & Doherty; James M. Scanlon, Defendants.**

**Civil Action No. 3:CV–97–248.**

United States District Court, M.D. Pennsylvania.

May 5, 1997.

Alexander Ewing, Jr., Peter A. Vogt, Gollatz, Griffin, Ewing & McCarthy, West Chester, PA, for Ingersoll–Rand Equipment Corp.

Joshua Wall, Philadelphia, PA, Stephen A. Cozen, Cozen & O'Connor, Philadelphia, PA, Thomas G. Wilkinson, Jr., Elizabeth J. Chambers, Philadelphia, PA, for Transportation Ins. Co.

John J. Aponick, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Scranton, PA, for Scanlon, Howley Scanlon & Doherty, James Scanlon.

## MEMORANDUM

CALDWELL, District Judge.

This is a legal malpractice case, brought by Plaintiff, Ingersoll–Rand Equipment Corp. ("Ingersoll–Rand"), against Defendants, Transportation Insurance Co. ("Transportation Insurance"), and attorney James M. Scanlon and the law firm of Scanlon, Howley, Scanlon and Doherty (collectively, "Scanlon"). Before us is Transportation Insurance's motion to dismiss.

### I. *Background*

In August of 1989, a well drilling vehicle, owned and operated by Ingersoll–Rand, damaged a house owned by Lynn and Leah Decker. The Deckers sued Ingersoll–Rand for negligence on May 30, 1990. Transportation Insurance, Ingersoll–Rand's liability insurer at the time, selected Scanlon to defend the Decker action.

In January of 1992, two and one-half years after the accident, the Deckers sought to amend their complaint against Ingersoll–Rand to add a demand for punitive damages. Scanlon, as Ingersoll–Rand's trial counsel, opposed the amendment as time barred, but the trial court ruled for the Deckers and permitted the amendment. Scanlon failed to assert the statute of limitations in the answer he filed on Ingersoll–Rand's behalf, and failed to raise the defense again until after a jury had awarded the Deckers punitive damages of one million dollars. Scanlon was unable to obtain reversal of this damage award for Ingersoll–Rand, either through post-trial motions or on appeal. The trial court ruled that while the statute of limitations had passed prior to the amendment which added the punitive damages demand, Ingersoll–Rand had waived the limitations defense by failing to raise it in its answer.

Ingersoll–Rand brought this action against Scanlon and Transportation Insurance, alleging negligence on the part of Scanlon (Count I), and alleging that Transportation Insurance is liable for breach of fiduciary duty (Count II), negligence (Count III), is vicariously liable for Scanlon's negligence (Count IV), and breached its contract of insurance with Ingersoll–Rand (Count V). Transportation Insurance has moved to dismiss the claims against it, arguing that they fail to state a claim upon which relief may be granted.

### II. *Standard of Review*

When considering a motion to dismiss under Rule 12(b)(6) "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir.1994). The motion must be denied unless the plaintiff cannot prove any facts in support of the claim which would entitle it to relief. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

### III. *Discussion* [1]

Transportation Insurance's arguments in favor of dismissal can be separated into three categories: (1) those seeking dismissal of the tort law claims raised in Counts II and III; (2) those seeking dismissal of the claim for vicarious liability based on Scanlon's negligence raised in Count IV; and (3) those seeking dismissal of Count V's breach of contract claim.

### A. Tort Claims Against Insurer (Counts II & III)

■ Transportation Insurance first argues that Pennsylvania law does not recognize non-contractual tort claims against an insurer for damages related to the insurer's duty to defend and indemnify. In Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty: such claims must be brought in contract. *Greater N.Y. Mut. Ins.*

---

**1.** We must note that Ingersoll–Rand and Transportation Insurance have violated local rule LR 7.8 by filing briefs in excess of fifteen (15) pages without first obtaining leave of Court. In the interest of judicial economy we will consider these oversize briefs, but counsel are admonished that we will expect strict compliance with the Local Rules in the future.

*Co. v. North River Ins. Co.*, 872 F.Supp. 1403, 1406, 1409 (E.D.Pa.1995), *aff'd*, 85 F.3d 1088 (3d Cir.1996) (citing *D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 507–08, 431 A.2d 966, 969–70 (1981)); *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 Pa. 55, 58, 188 A.2d 320, 321 (1963); *Cowden v. Aetna Cas. & Sur. Co.*, 389 Pa. 459, 468, 134 A.2d 223, 227 (1957).

■ Ingersoll–Rand argues that these cases are distinguishable under the misfeasance/nonfeasance distinction drawn in *Raab v. Keystone Insurance Co.*, 271 Pa.Super. 185, 412 A.2d 638 (1979). *Raab* suggested that "[t]he test to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contractual obligation (misfeasance) rather than the mere failure to perform (nonfeasance)." *Id.* at 187–88, 412 A.2d at 639.

*Raab's* approach, however, has been expressly rejected by the Superior Court in favor of one which looks to the essence of the cause of action asserted: "to be construed as a tort action, the wrong ascribed to the defendant must be gist of the action with the contract being collateral." *Phico Ins. Co. v. Presbyterian Med. Serv. Corp.*, 444 Pa.Super. 221, 228–29, 663 A.2d 753, 757 (1995); *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 454 Pa.Super. 374, 685 A.2d 581, 590 (1996).

This "gist of the action" analysis yields results completely consistent with the rule suggested in *Greater N.Y. Mutual:* the gist of a claim for the breach of an insurer's duties under the contract of insurance (including both fiduciary duties and the duty to exercise due care) is essentially contractual in nature. Relief for such a breach therefore must lie in contract, not in tort. Counts II and III must be dismissed.

## B. Vicarious Liability (Count IV)

Count IV seeks to hold Transportation Insurance vicariously liable for the negligence of Scanlon. Transportation Insurance has moved to dismiss this count, arguing that when an attorney is retained by an insurer to represent an insured pursuant to the insurer's duty to defend under the insurance contract, the attorney acts as an independent contractor.

The vicarious liability of an insurance company for the negligence of an attorney it selected to defend an insured is one of first impression in Pennsylvania. Courts in other jurisdictions are divided on this question, some favoring liability under agency principles, *see Smoot v. State Farm Mut. Auto. Ins. Co.*, 299 F.2d 525, 530 (5th Cir.1962) (Georgia law); *Continental Ins. Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281, 294 (Alaska 1980); *Stumpf v. Continental Cas. Co.*, 102 Or.App. 302, 794 P.2d 1228, 1231–32 (1990); *Pacific Employers Ins. Co. v. P.B. Hoidale Co.*, 789 F.Supp. 1117, 1122–23 (D.Kan.1992); *see also Boyd Bros. Transp. Co. v. Fireman's Fund Ins. Co.*, 729 F.2d 1407, 1409–11 (11th Cir.1984); others finding an independent contractor relationship which insulates the insurer, *see Feliberty v. Damon*, 72 N.Y.2d 112, 531 N.Y.S.2d 778, 782, 527 N.E.2d 261, 265 (1988); *Aetna Cas. & Sur. Co. v. Protective Nat'l Ins. Co.*, 631 So.2d 305, 306 (Fla.Dist.Ct.App.1993); *Brown v. Lumbermens Mut. Cas. Co.*, 90 N.C.App. 464, 369 S.E.2d 367, 371 (1988), *aff'd*, 326 N.C. 387, 390 S.E.2d 150 (1990); *Merritt v. Reserve Ins., Co.*, 34 Cal.App.3d 858, 110 Cal.Rptr. 511, 526–27 (1973); *see also Builders Square Inc. v. National Union Fire Ins. Co. of Pittsburgh*, 1995 WL 476246, at *3–*4 (E.D.Pa. Aug.9, 1995).

■ In the absence of authority from Pennsylvania's courts or the Third Circuit, we must side with the later cases, rejecting vicarious liability. When an insurer retains an attorney to represent an insured, pursuant to the insurer's duty to defend, that attorney's client is the insured, not the insurer. *Point Pleasant Canoe Rental Inc. v. Tinicum Township*, 110 F.R.D. 166, 170 (E.D.Pa.1986); *see* Pa.R. Professional Conduct 1.7, cmt. ("Interest of Person Paying for a Lawyer's Service"); Phila. Bar Assoc. Prof. Guidance Comm., Guidance Opinion 90–14, 1990 WL 303930 (1990). The attorney's ethical obligations to his or her client, the insured, prevent the insurer from exercising the degree of control necessary to justify the imposition of vicarious liability. Pa.R. Pro-

fessional Conduct 1.8(f)(2) (lawyer may not accept third party compensation unless "there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship"), 5.4(c) ("A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgement in rendering such legal services."); *see Feliberty,* 531 N.Y.S.2d at 782, 527 N.E.2d at 265; *cf. Continental,* 608 P.2d at 294 (basing vicarious liability on evidence suggesting that attorney's loyalty was to insurer, not insured).

■ Furthermore, Pennsylvania recognizes the importance of an attorney's independence in handling a lawsuit on behalf of his or her client. *See Commonwealth v. Nagel,* 246 Pa.Super. 576, 580, 371 A.2d 983, 985 (1977). A lawyer in private practice, retained to handle a particular matter, acts on behalf of his or her client in the capacity of an independent contractor, not an employee. *McCarthy v. Recordex Serv., Inc.,* 80 F.3d 842, 853 (3d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 86, 136 L.Ed.2d 42 (1996). The lawyer's negligence therefore can not be imputed to the client. *Steiner v. Bell of Pa.,* 426 Pa.Super. 84, 88, 626 A.2d 584, 586 (1993); *Lorah v. Luppold Roofing Co., Inc.,* 424 Pa.Super. 439, 443, 622 A.2d 1383, 1385 (1993).

Refusing to recognize vicarious liability in this context will not leave the insured without any remedy for harm suffered as the result of legal malpractice. The insured will, of course, be able to pursue a negligence claim against the attorney. *Merritt,* 110 Cal.Rptr. at 527. If the harm resulted from some misconduct on the part of the insurer (where, for example, an insurer exercises an abnormal degree of control over litigation), the insured may have a cause of action against the insurer for a violation of its contractual duty to exercise due care in defending the claim.[2] *Id.*

**C. Contract Claims (Count V)**

Count V asserts a claim for the violation of Transportation Insurance's contractual duty to exercise due care in defending Ingersoll-Rand. As discussed above, this claim encompasses the negligence and breach of fiduciary duty claims which Ingersoll-Rand sought to advance in Counts II and III. Transportation Insurance argues that Count V fails to state a claim for breach of contract, and should be dismissed.

■ Count V alleges, without elaboration, that Transportation Insurance breached its duty to use due care in defending Ingersoll-Rand. Such a conclusory allegation is insufficient to state a claim for breach of the contractual duty to defend. Count V must be dismissed as well.

We will issue an appropriate order.

■

2. Indeed, the Pennsylvania cases which Ingersoll–Rand suggests support its argument in favor of vicarious liability merely suggest that when the insurer is itself negligent, it may be held liable for a breach of its contractual duty of due care. *See Gedeon,* 410 Pa. at 59, 188 A.2d at 322; *Moore v. Deal,* 240 F.Supp. 1004, 1008 n. 6 (E.D.Pa.1965); *Mazer v. Security Ins. Group,* 53 F.R.D. 617, 619 (E.D.Pa.1971), *aff'd,* 507 F.2d 1338 (3d Cir.1975).