454 A.2d 1020

**COMMONWEALTH of Pennsylvania**

v.

**John Guy CARELLI, Jr., and Kathleen M.
Carelli, Appellants.**

Superior Court of Pennsylvania.

Argued April 12, 1982.

Filed Nov. 30, 1982.

Reargument Denied Feb. 11, 1983.

Petition for Allowance of Appeal Denied June 21, 1983.

Allen N. Brunwasser, Pittsburgh, for appellants.

David L. Cook, District Attorney, Butler, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This appeal arises from a guilty plea entered into by appellants in the Court of Common Pleas of Butler County on September 18, 1980, and the subsequent denial by that court of appellants' Petition to Withdraw said pleas.

A procedural and factual history of the case is as follows.

On January 17, 1980, a search warrant was issued for appellants' residence for the purpose of searching for various items of furniture stolen from Mr. John E. George of North American Van Lines. Upon arriving at the appellants' residence, the Cranberry Township police officers were admitted by appellant Kathleen Corelli. They immediately informed her that they had a search warrant for the premises. Two officers, upon a brief search of the gameroom and garage area, located one vehicle that had been entirely stripped, five license plates, and various auto parts. The officers ran a check on the license plates which resulted in the finding that all the plates had been registered as stolen. With this information, the officers returned to the magistrate's office to obtain a second warrant in order to search the appellants' residence for stolen motor vehicle parts. Upon issuance of this second warrant, the officers returned to the appellants' premises and located eight stolen vehicles. It required 2½ days to inventory the stolen motor vehicle parts located in appellants' premises. The estimated value of the stolen property totalled one hundred fifty thousand ($150,000.00) dollars.

As a result of this investigation, the following charges were brought against appellants on January 18, 1980: 1) possessing instruments of crime [1], receiving stolen property

1. 18 Pa.C.S.A. § 907.

(9 counts) [2], removal or falsification of identification number (8 counts) [3], and dealing in vehicles with removed or falsified numbers (8 counts).[4] Appellant, John Guy Carelli, Jr., additionally was charged with burglary [5] and theft by unlawful taking or disposition.[6]

Subsequently, on March 28, 1980, the date set for their preliminary hearings, the appellants waived their cases to court.[7] Appellants' cases were consolidated for trial and trial was set for June 20, 1980. However, appellants' second counsel filed a Motion for Continuance requesting that the court continue the case to the September term of court.[8] Appellants individually executed sworn written waivers of their Rule 1100 rights, and these were incorporated into the continuance motion.

On June 16, 1980, appellants' motion was granted. On the first day of trial, appellants entered into a plea agreement and a guilty plea colloquy was conducted on September 18, 1980.[9] Under the plea agreement, appellant Kathleen Carelli pled guilty to one count of receiving stolen property in exchange for a one year probationary term while her husband pled guilty to nine counts of receiving stolen property for terms of three to seven years imprison-

2. 18 Pa.C.S.A. § 3925.

3. 75 Pa.C.S.A. § 7102.

4. 75 Pa.C.S.A. § 7103.

5. 18 Pa.C.S.A. § 3502.

6. 18 Pa.C.S.A. § 3921.

7. The reason for the long delay in the scheduling of the preliminary hearing was that numerous continuances were granted to both the appellants initial counsel and the Commonwealth.

8. Appellants' counsel asked for the extension due to his late retention as counsel and the very complicated and voluminous facts comprising appellants' case.

9. It is to be noted that the many Commonwealth witnesses who had been victimized by the appellants were present for trial and had travelled great distances.

ment, said terms to run concurrently. Sentencing was scheduled for November 6, 1980.

On November 3, 1980, appellants third counsel filed a Petition to Withdraw Pleas of Guilty and for Pa.R.Crim.P. 1100(a)(2) discharge. This petition was denied by the court the same day.[10] Appellants new counsel, then on November 7, 1980, filed a Petition for Writ of Habeas Corpus, Mandamus, Prohibition and other Relief with this Court. On November 6, 1980 the appellants appeared before Judge Dillon. Appellants' counsel, Attorney Brunwasser, did not appear for this proceeding. In a letter dated November 5, 1980 to the lower court he stated that the Notice of Appeal he filed with this Court on November 5,[11] removed the matter from the jurisdiction of the lower court. However, appellants' second counsel did appear for the proceeding, but requested that he be excused since he believed that he had been discharged by appellants. Judge Dillon, after asking appellants whether they had retained Attorney Brunwasser and receiving an affirmative response, committed both appellants to the Butler County Prison until such time as the Court could "arrange a sentence period." The court explained to the appellants that it was prepared to impose sentence, but since appellants were entitled to be represented by counsel at sentencing, he would commit them to prison until an appropriate sentencing date could be set.

**10.** The Court's Order is as follows:
ORDER OF COURT
Now, November 3, 1980, after consideration of the defendant's petition to withdraw their pleas of guilty, and after review of the colloquy of their guilty pleas of September 18, 1980, being their trial date, this Court finds no fair nor just reason to allow said withdrawal and, therefore, denies the petition of John Guy Carelli, Jr., and Kathleen M. Carelli to withdraw their respective guilty pleas. See *Commonwealth v. Rose Lee Hall,* 275 Pa.Super. 85, 418 A.2d 623. BY THE COURT, John C. Dillon, J.

**11.** The Notice of Appeal was taken from the denial of appellants' Pa.R.Crim.P. 320. Petition. *See* n. 10.

On November 7, 1980 this Court granted appellants' Petition for Writ of Habeas Corpus.[12]

Judge Dillon, on December 11, accepted the plea arrangement and sentenced the appellants accordingly. A hearing on appellants' Petition to Withdraw their Guilty Plea was scheduled for January 8, 1981, but upon appellants' motion, was continued to March 12, 1981. After the March 12 hearing on appellants' Petition, the Court issued an Order on May 5, denying appellants' Rule 321 motion.

It is from the above orders of November 3, 1980, December 11, 1980, and May 5, 1981 that appellants take this appeal.

The first allegation of error raised in this appeal is whether "the Lower Court erred when it refused the defendants' November 3, 1980 motion to withdraw their plea bargain offer before it was accepted and before they had been sentenced?" The standard used in determining whether a defendant should be allowed to withdraw his guilty plea before sentencing is as follows:

"While a pre-sentence withdrawal request should be liberally considered (a) defendant must present a fair and just reason for withdrawing the plea. Even if a viable reason is asserted for withdrawal, withdrawal is only permitted if the Commonwealth has not been substantial-

---

**12.** Judge Brosky's Order is as follows:

ORDER

Now, to-wit, this 7th day of November, 1980, after argument, with all counsel present, on the Defendants' petition to writ of habeas corpus, it appearing to this Court, after review of the order of the Trial Court dated November 3, 1980; review of the proceedings before the Honorable John C. Dillon on November 6, 1980—it appearing that Defendants have sought a withdrawal of their guilty pleas—and it appearing the Trial Court's order does not present us with a showing of substantial prejudice to the Commonwealth in accordance with the holding of *Commonwealth v. Rose Lee Hall,* 275 Pa.Super. 85, 418 A.2d 623 (1980); it further appearing that bond has been set by the court and never revoked; and it appearing the trial court has not provided a definite date for the sentencing of the said parties—it is hereby ordered, adjudged, and decreed that petitioners John Guy Carelli, Jr. and Kathleen M. Carelli be released from Butler County Jail forthwith pending the imposition of sentence. This order is without prejudice to the parties to file any additional motions they deem appropriate before the lower court or to raise any issue, including those herein, on appeal.

ly prejudiced by reliance on the plea. *Commonwealth v. Hayes*, 462 Pa. 291, 300, 341 A.2d 85, 90 (1975); *Commonwealth v. Mosley*, 283 Pa.Super. 28, 31, 423 A.2d 427, 428 (1980); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982).

*See also* ABA Standards Relating to Pleas of Guilty [ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft 1968) ].

The appellants in their Petition to Withdraw Pleas of Guilty raise twenty-five (25) allegations of error as fair and just reasons why they should be allowed to withdraw their guilty plea. These allegations concern three areas of the proceedings below: 1) the search warrants; 2) violation of Pa.R.Crim.P. 1100; and 3) guilty plea colloquy.

As to the question of whether the search warrant contained insufficient probable cause, the initial search warrant sets forth the following facts and circumstances:

"On January 4, 1980, Mr. John E. George of North American Van Lines, reported to the Cranberry Township Police that the above items were stolen sometime between August 15, 1979, and January 2, 1980. On January 2, 1980, Mr. George discovered vehicle tracks in a field which leads from the property of North American Van Lines to a barn being leased to the defendant John Guy Carelli. These tracks were made by a dual wheel vehicle. The defendant operates a dual wheel truck owned by Kathleen M. Carelli. The record division of the Pennsylvania State Police indicate that the defendant has been arrested for theft and receiving stolen property, dealing in titles and plates for stolen vehicles and attempted auto theft. On the 2nd of January, 1980, at 0735 hrs. an unknown intruder was discovered inside the building of North American Van Lines. The intruder was observed fleeing in the direction of the defendants' barn.

For a search warrant to be constitutionally valid, the issuing authority must decide that probable cause exists

**530**

at the time of its issuance. *Commonwealth v. Stamps*, 493 Pa. 530, 535, 427 A.2d 141, 143 (1981); U.S. Const. amend. IV; Pa. Const., Art. I, § 8. Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted. *Commonwealth v. Thomas*, 448 Pa. 42, 52, 292 A.2d 352, 357 (1972). In determining whether the affidavit is sufficient to establish probable cause, one must recognize that affidavits supporting search warrants normally are prepared "... by nonlawyers in the midst and haste of a criminal investigation." *United States v. Vantresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965); *Commonwealth v. Stamps*, 493 Pa. 530, 537, 427 A.2d 141, 143 (1981). They, therefore, should be interpreted in a "common sense and realistic" fashion rather than in a hypertechnical manner. *Vantresca*, 380 U.S. at 108, 85 S.Ct. at 745; *Stamps*, 493 Pa. at 537, 427 A.2d at 144; *Commonwealth v. Greco*, 465 Pa. 400, 406, 350 A.2d 826, 829 (1976). Moreover, the probable determination of the issuing authority must be accorded great deference. *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969); *Ventresca*, 380 U.S. at 108–09, 85 S.Ct. at 745–746; see *Stamps*, 493 Pa. at 537, 427 A.2d at 144.

In this case, the tracks from a dual wheel vehicle led from the Van Lines property to the appellants' barn; the fact that the appellants own a dual wheel vehicle; and, the observance of an intruder fleeing from the Van Lines premises toward the appellants' barn was more than sufficient "to warrant a man of reasonable caution to believe that a search should have been conducted" on appellants' premises for the stolen Van Lines property. *Thomas*, 448 Pa. at 52, 292 A.2d at 357.

Regarding the second warrant, it was based upon the information shortly following the officers arrival at appellants' property pursuant to the first search warrant. Its' basis for probable cause is indisputable.

■ As to appellants' second major area of error, appellants' claim that their second counsel was ineffective for not moving for a Pa.R.Crim.P. 1100 dismissal.[13] The standard for determining whether appellants' second counsel was ineffective is well established.

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." *Commonwealth v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967). (emphasis in original).

As to ineffective assistance of counsel regarding Rule 1100, this Court, in *Commonwealth v. Nagel,* 246 Pa.Super. 576, 580, 371 A.2d 983, 985 (1979), stated:

"In order to prove ineffective assistance of counsel, appellant must prove that counsel did not inform him of the right, that counsel's action had no reasonable basis designed to effectuate his client's interest, and that had counsel so informed him, appellant's potential for success would have been substantially greater."

*See also, Commonwealth v. Daniels,* 288 Pa.Super. 69, 73, 431 A.2d 291, 293 (1981).

In appellants' case, both appellants signed a written waiver of their Rule 1100 rights and joined in their second counsel's Motion for Continuance. Also, it is to be noted that these actions were sworn to before a notary public. Moreover, appellants' counsel needed additional time in

**13.** Rule 1100(a)(2) is as follows:
Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

which to prepare appellants' defense due to his late retention by appellants.

Here, it is thus certain that appellants knowingly and voluntarily entered into this waiver and employed the proper vehicle to accomplish this waiver. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Daniels*, 288 Pa.Super. 69, 431 A.2d 291 (1981).

Therefore, this contention is meritless.

■ Appellants' third major contention is that their guilty plea colloquy was defective. The six mandated areas of inquiry during a guilty plea colloquy are:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Willis*, 471 Pa. 50, 51–52, 369 A.2d 1189, 1190 (1977); *Commonwealth v. Dilbeck*, 466 Pa. 543, 547, 353 A.2d 824, 826–27 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 204–205 n. 5, 316 A.2d 77, 81 n. 5 (1974); Pa.R.Crim.P. 319 (Comment).

The colloquy conducted by the court in this instance, covered all aspects of the requirements for a judicially sound guilty plea colloquy. First, the court explained the nature of the charges, and appellants expressed that they understood their nature. Also, Sergeant Widdowson testified as to the facts supporting the charges which were more than sufficient to justify appellants' guilty pleas. Next, Judge Dillon explained the right to trial by jury and their

presumption of innocence if the appellants would have elected to exercise these rights. The court also noted the permissible range of sentences and fines for the offenses charged. Furthermore, Judge Dillon explained that he was not bound by the plea agreement unless he accepted it. In concluding the colloquy, the Court was specifically informed by the appellants that their pleas were voluntary, intelligent, and understanding acts and were satisfied with the representation rendered them by their second counsel.

We find no fair and just reason for appellants' withdrawal of their guilty pleas.[14]

Also, it must be noted, as brought forth by the lower court, that on September 18, 1980, the day set for trial, all of the ·Commonwealth's witnesses were present in court. Many of these witnesses had travelled great distances for the trial and, in addition, were required to take leave from their various places of employment.[15]

Thus, it is obvious that substantial prejudice would result to the Commonwealth if it was forced to recall all of its witnesses for trial.[16] *See United States v. Crowley*, 529 F.2d 1066 (3rd Cir.1976), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976).

■ Appellants' next contention is that their November 5, 1980 appeal terminated the lower court's jurisdiction to

14. Appellants do not make any assertion of innocence in their Petition for Withdrawal which has been found to be a fair and just reason by this Court for withdrawing a guilty plea. *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977).

15. Mention must be made of the manner in which appellants filed their Petition to Withdraw their guilty pleas. Appellants' third counsel, while admitting to possessing the transcript of the colloquy since October 8, 1980, waited until November 3, three days prior to sentencing to file this Petition with the Court.

16. In a similar case, the United States Court of Appeals for the Third Circuit Court held that permitting a defendant to withdraw his guilty plea would not have been fair and just where he failed to assert his innocence to the charge and the Government would be prejudiced by the defendant's having entered the plea on the day of trial when the jurors, witnesses, and court personnel had been assembled for the trial. *United States v. Crowley, supra.*

534

impose its' December 11, 1980 sentences. This contention is meritless. Appellants failed to follow the proper procedure for perfecting that appeal. The comment to Pa.R.Crim.P. 320 specifically states that: "a denial of a motion to withdraw a guilty plea under this rule may not be appealed until such denial has first been challenged pursuant to Rule 321." Pa.R.Crim.P. 320 (Comment). Pursuant to Rule 320, Rule 321(a) reads: "a motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence." Pa.R. Crim.P. 321(a). The Note to Rule 343 of the Rules of Appellate Procedure, which governs appellants' allegation, is as follows:

In the event an appeal from the judgment of a plea of guilty has been filed before a timely motion under Pa.R. Crim.P. 321 has been made, the filing of such motion acts as an automatic grant of reconsideration under Rule 1701(b)(3) (authority of lower court or agency after appeal), so as to render inoperative the prior appeal. In such event, as appeal could be filed anew after disposition of the Pa.R.Crim.P. 321 motion. Pa.R.A.P. 343 (Note).

Thus, appellants' November 5, 1980 appeal did not oust the lower court of jurisdiction since it was inoperative.[17]

 Appellants' third allegation of error concerns whether a colloquy must be conducted in addition to the filing of a written waiver when a defendant waives his Rule 1100 right. As previously stated, there is no requirement that a colloquy be conducted when a defendant waives his rights under Rule 1100, nor would it serve any purpose when the court is presented with a sworn written waiver and joinder to his counsel's motion for continuance as is the case here.

Therefore, appellants' waiver was informed and voluntary. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598

17. We also note that the appellants' sentencing hearing held on December 11, 1980 was in compliance with the dictates of 42 Pa.C.S.A. 9721–9725.

(1976); *Commonwealth v. Daniels,* 280 Pa.Super. 69, 431 A.2d 291 (1981).

■ Appellants' final allegation of error regards the issues raised in its Rule 320 appeal. As stated above, an appeal which does not follow the mandates set forth in Rules 320 and 321 of the Rules of Criminal Procedure is deemed inoperative by Rule 343 of our Rules of Appellate Procedure.

The appeal alleging a violation of Rule 320 of the Rules of Criminal Procedure is not properly before this Court.

Order affirmed.