482 A.2d 1110

**COMMONWEALTH of Pennsylvania**

v.

**George ORTIZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1984.

Filed Oct. 12, 1984.

---

118

Michael J. Cammarano, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This appeal is from an order denying appellant's presentence petition to withdraw a guilty plea. We must reverse judgment of sentence and remand for further proceedings.

On December 7, 1980, appellant was arrested on charges of robbery, simple assault, aggravated assault, theft, receiving stolen property and criminal conspiracy. On November 9, 1981, appellant tendered a guilty plea to a single charge

of robbery [1] pursuant to a plea agreement which called for a sentence of three and one-half to ten years imprisonment and dismissal of the remaining charges. N.T. 11/9/81 at 11–12. On March 18, 1982, before sentence had been imposed, appellant petitioned to withdraw his guilty plea, claiming he was innocent of the charge to which he had pled guilty and had been "affected by personal difficulties" at the time the ill-considered plea was entered. On June 10, 1982, a hearing was held on appellant's petition to withdraw at which appellant testified that during the time his plea had been negotiated, tendered and accepted by the court, he had been under the influence of drugs. He further testified that he could not remember signing the plea agreement which admittedly bore his signature, and had only a sketchy recollection of the guilty plea proceeding, which had been transcribed. However, after considering the thoroughness of the guilty plea colloquy conducted on November 9, 1981, the lower court concluded that appellant had not been under the influence of drugs at the time, but rather was mentally competent and had entered his guilty plea knowingly and voluntarily. The lower court went on to conclude that appellant had offered "absolutely no basis" for withdrawal of his guilty plea. Slip op. at 5. After sentencing and denial of subsequent motions, this appeal followed.

Rule 320 of the Pennsylvania Rules of Criminal Procedure provides that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." The lower court correctly states the law which has developed under this rule as follows: "A defendant does not have an absolute right, even before sentencing, to withdraw a guilty plea once tendered and accepted by the court. He must have a 'fair and just' reason. *Commonwealth v. Mosley*, 283 Pa.Super. 28, 423 A.2d 427 (1980)." Slip op. at 5. On the other hand, once a "fair and just" reason has been made out, withdrawal should be liberally permitted, unless the Commonwealth has been substantially prejudiced. *Com-*

1. 18 Pa.C.S. § 3701(a)(1)(i).

�In▌

*monwealth v. Boofer,* 248 Pa.Super. 431, 375 A.2d 173 (1977).

�In▌ Here, appellant has supported his request to withdraw his guilty plea by asserting his innocence.[2] Such an assertion has consistently been held to be a "fair and just" reason for presentence withdrawal of a guilty plea. *Commonwealth v. Carelli,* 308 Pa.Super. 522, 454 A.2d 1020 (1982); *Commonwealth v. Whittall,* 304 Pa.Super. 258, 450 A.2d 669 (1982); *Commonwealth v. Boofer, supra.* No evidence of prejudice to the Commonwealth was offered at the hearing on appellant's petition to withdraw and the lower court made no finding on this point.[3] Under these circumstances, the lower court's denial of appellant's petition to withdraw was an abuse of discretion. *Commonwealth v. Carelli, supra; Commonwealth v. Whittall, supra; Commonwealth v. Boofer, supra.*

Accordingly, judgment of sentence is reversed and the record is remanded with instructions to permit appellant to withdraw his guilty plea. Jurisdiction is relinquished.

McEWEN, J., filed a dissenting opinion.

McEWEN, Judge, dissenting:

The majority after careful study concludes that the trial court abused its discretion in refusing to allow appellant to withdraw his guilty plea based upon a finding that appellant had "supported his request to withdraw his guilty plea by asserting his innocence." Majority Opinion at pg. 122. I, however, do not find "fair and just" reason to permit appellant to withdraw his plea and, therefore, would affirm the judgment of sentence.

2. The opinion of the lower court indicates that appellant "did not deny that he had committed the robbery to which he had pleaded guilty." Slip op. at 5. However, appellant's petition clearly states at paragraph five that "the Petitioner alleges his innocence. . . ." Appellant's petition to withdraw was verified by the sworn affidavit of his attorney in accord with Pa.R.Crim.P. 9030. At the hearing on appellant's petition to withdraw there was no evidence offered to show that he did not assert his innocence. Under these circumstances, we hold that appellant has sufficiently asserted his innocence.

3. Appellant specifically waived any rights he might have under Pa.R.Crim.P. 1100, Petition to Withdraw Guilty Plea ¶ 6(c); and other charges were only to be dismissed later, when sentence was imposed. N.T. 11/9/81 at 11.

Appellant entered a counseled plea of guilty to the offense of robbery before the distinguished Judge Forrest G. Schaeffer on November 9, 1981. Following an extensive colloquy, the court questioned appellant as follows: "You admit that on November 26, 1980, you were with a group acting together with the purpose of taking a wallet from Mr. Harbach and that in so doing serious bodily injury was inflicted upon him?" Appellant, *under oath*, responded, "Yes, sir." Later that afternoon, the court reconvened the guilty plea proceedings and questioned appellant as follows: "I just wanted to advise you further, Mr. Ortiz, that—or ask you, when you entered a guilty plea this morning to charge of robbery, did anybody threaten you or force you or in any way persuade you to plead guilty other than the plea bargain that was entered? Appellant responded: "No, sir. I pleaded guilty on my own, sir." Appellant then waited approximately thirty minutes, at the request of the court, for his counsel to arrive, and once again the court inquired into the voluntariness of appellant's plea:

THE COURT: Mr. Ortiz, your counsel is here, and I just wanted to reiterate. This morning you entered a guilty plea and I gave you a colloquy. I'm not certain that I mentioned this morning or asked you whether or not the guilty plea was brought about by anybody threatening or forcing you or persuading you to plead guilty by any other means than the plea bargain.

THE DEFENDANT: I pleaded guilty on my own.

THE COURT: On your own?

THE DEFENDANT: Yes.

THE COURT: And therefore, the guilty plea you entered you're saying was of your own free will?

THE DEFENDANT: Yes.

THE COURT: Nobody promised you or threatened you?

THE DEFENDANT: No.

MR. CAMMARANO: Thank you, Your Honor.

THE COURT: Thank you.

Counsel for appellant, more than four months later, on March 18, 1982, filed a petition seeking leave for appellant

to withdraw his guilty plea. Counsel alleged therein, *inter alia*, that "[the] Petitioner alleges his innocence and seeks to exercise his right to a trial by jury of his peers." A hearing on the petition was held on June 10, 1982, and appellant testified that he could not recall signing the plea agreement or any of the details of the hearing at which he tendered his guilty plea as he was under the influence of drugs at the time.[1] At *no* time during the hearing did

1. Appellant, while under oath, provided the following assurances to the court at the time of his guilty plea:

THE COURT: [d]o you agree to the plea bargain as it has been spelled out?

THE DEFENDANT: Yes.

THE COURT: Now, Mr. Ortiz, have you had any alcoholic beverages to drink or taken any medicine or drugs within the last 48 hours?

THE DEFENDANT: No.

THE COURT: Have you drunk anything? Understand what I just asked you?

THE DEFENDANT: Yes.

THE COURT: And you said no?

THE DEFENDANT: Um-hum.

THE COURT: Have you ever been treated for any mental or emotional illness.

THE DEFENDANT: Yes.

THE COURT: You have?

THE DEFENDANT: (nodding head vertically)

THE COURT: Could you tell me what the nature of the treatment was and when it occurred?

THE DEFENDANT: Mentally ill up in prison.

THE COURT: In prison?

THE DEFENDANT: Yes. Six months ago.

THE COURT: Six months ago? Are you taking any medication at the present time?

THE DEFENDANT: No, sir.

THE COURT: Does this problem that you had six months ago effect your ability to understand what I'm saying to you now?

THE DEFENDANT: No, sir.

MR. CAMMARANO: Your Honor, if I might add, I've had extensive dealings with Mr. Ortiz, and I'm quite convinced he understands what's going on at this point.

THE COURT: Is there any question about his legal capacity at the time this incident occurred?

MR. CAMMARANO: None, Your Honor.

THE COURT: All right. Mr. Ortiz, how old are you?

THE DEFENDANT: Twenty-five.

THE COURT: How far did you go in school?

THE DEFENDANT: Sophomore.

THE COURT: Where did you go?

THE DEFENDANT: John Jay, Brooklyn, New York.

appellant suggest to the court that he was innocent of the offense to which he had entered the plea of guilty. Rather, appellant sought to establish at the hearing that his plea of guilty was involuntary due to his use of drugs during the relevant period. The trial court, which had observed and questioned appellant during the morning and afternoon of December 9, 1981, found appellant's subsequent testimony, to the effect that due to drug intoxication he was unaware of his acts on December 9, 1981, to be incredible. The record fully supports this conclusion. Moreover, while the petition filed by counsel contained a bare averment of innocence, appellant apparently abandoned that ground for withdrawal of his plea, as he never suggested to the court, either at the hearing or in his subsequent *pro se* petition seeking withdrawal of his plea, that he was, in fact, innocent.

I can discern no abuse of discretion on the part of the learned trial court judge who concluded that appellant had failed to establish a "fair and just" reason for withdrawal of his guilty plea. I would, therefore, affirm the judgment of sentence.

THE COURT: Have you had any formal education since your sophomore year in high school?
THE DEFENDANT: Yes.
THE COURT: What was that?
THE DEFENDANT: At RACC. I was attending there.
THE COURT: What courses did you take at RACC?
THE DEFENDANT: G.E.D. courses and business accounting.
THE COURT: Did you get your G.E.D. degree?
THE DEFENDANT: No.
THE COURT: Have you been employed? Did you have a job?
THE DEFENDANT: Yes.
THE COURT: What kind of work did you do?
THE DEFENDANT: I did all kinds of jobs. All kind of work, sir.
THE COURT: Manual labor jobs?
THE DEFENDANT: Yes, my last job was supervisor.
THE COURT: Where was it?
THE DEFENDANT: City Hall.
THE COURT: Now, Mr. Ortiz, did you have any questions about anything I either asked you or told you up to this time?
THE DEFENDANT: No, sir.
THE COURT: You still desire to plead guilty to the charge of robbery?
THE DEFENDANT: Yes, sir.