## Commonwealth v. Graciani

*Mark A. Bellavia, assistant district attorney,* for the commonwealth.

*John R. Gailey Jr.,* for defendant.

McCULLOUGH, *J.,* June 16, 1987—This matter is before the court on defendant's motion to suppress evidence obtained from a search of defendant

conducted as part of the execution of a search warrant issued on February 16, 1987, by District Justice Quentin R. Stambaugh. The search warrant identifies the items to be searched for and seized as cocaine and any other drugs and drug paraphenalia together with items relating to the possession, distribution and sale of narcotic and dangerous drugs. The search warrant describes the premises and persons to be searched as:

"534 Jessop Pl., York, Pa., specifically a 2½-story, semi-detached, green siding, home, with carpet on porch, wood gate on the side of the house, and all persons present to avoid the destruction or concealment of evidence."

The affidavit in support of the application states that the applying police officer had received information from a reliable confidential informant that within the previous 72 hours the informant was at the premises and observed a hispanic female known as Richardo Colon's wife selling cocaine to users who came there to purchase it. The informant stated that the users concealed the drug on their person before leaving the residence.

The affidavit in support of the application goes on to state that the same informant supplied information which led to the issuance of a search warrant for this same address one week earlier on February 10, 1987. During the search of the house on February 10, 1987, the police seized 33 packets of cocaine and arrested the owner for possession with intent to deliver cocaine.

When the police executed the search warrant, they entered the premises and observed several small children together with four adults. The police searched the premises and found no evidence of drugs. They then searched the adult individuals and removed 25 packets of cocaine from defendant.

The issue presented is the sufficiency of a warrant to search persons identified only by their presence at a specified place. Analysis of this issue begins with an acknowledgement of the well settled principle that a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v. New York,* 392 U.S. 40 at 61-63, 88 S. Ct. 1889, 20 L.Ed 2d 917 (1968).

The guide in analyzing and determining this issue is the constitutional mandate that a search warrant must name or describe with particularity the person or place to be searched. Pa. Constitution; Article 1, Section 8; Pa. R.C.P. 2005(c); U.S. Constitution, Fourth Amendment.

Before undertaking this analysis and determination, the court notes that there is no Pennsylvania appellate decision and no United States Supreme Court decision squarely on point.

Arguments in support of such a search warrant usually point to a three-judge opinion in support of affirmance by an equally divided court in *Commonwealth v. Duncan,* 257 Pa. Super. 277, at 288-89, 390 A.2d 820 (1976). The judges in support of affirmance in *Duncan* did not adopt the appellant's attack on the alleged generality of a warrant authorizing the search of "all persons on the premises to prevent the removal and destruction of evidence." However, their opinion is dictum since the case involved evidence dropped by the appellant rather than seized during a search.

Arguments against such a search warrant usually point to the opinion in *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). However, *Ybarra* concerned a search beyond the parameters of a search warrant authorizing the search of a named tavern and a named bartender. The issue in

*Ybarra* was the constitutionality of a statute authorizing the search of any person found on the premises being searched pursuant to a search warrant. In *Ybarra,* the opinion specifically noted that, when the search warrant was issued, there was no showing that authorities had probable cause to believe that any person found on the premises, other than the named bartender, would be violating the law.

Thus, *Ybarra,* is like cases such as *Commonwealth v. Eichelberger,* 352 Pa. Super. 507, 508 A.2d 589 (1986), and *Commonwealth v. Luddy,* 281 Pa. Super. 541, 422 A.2d 601 (1980) in that the person searched is not described in the warrant. Such a search clearly runs afoul of the constitutional mandate that a warrant must name or describe with particularity the person or place to be searched.

Indeed, it would appear that no reported appellate decision in any jurisdiction is precisely on point. The reason, of course, is that the analysis required here is unique to the facts presented in support of each application for a search warrant.

However, the framework for this analysis and determination is provided in the well reasoned decision by Weintraub, *C.J.,* in *State v. DeSimone,* 60 N.J. 319, 288 A.2d 849 at 850-51 (1972):

"On principle, the sufficiency of a warrant to search persons identified only by their presence at a specified place should depend upon the facts. A showing that lottery slips are sold in a department store or an industrial plant obviously would not justify a warrant to search every person on the premises, for there would be no probable cause to believe that everyone there was participating in the illegal operation. On the other hand, a showing that a dice game is operated in a manhole or in a barn should suffice, for the reason that the place is so limited and the illegal operation so overt that it is likely that

everyone present is a party to the offense. Such a setting furnishes not only probable cause but also a designation of the persons to be searched which functionally is as precise as a dimensional portrait of them.

"As to probable cause, it must be remembered that the showing need not equal a prima facie case required to sustain a conviction. No more is demanded than a well grounded suspicion or belief that an offense is taking place and the individual is party to it . . . (citing cases). And, with regard to the Fourth Amendment demand for specificity as to the subject to be searched, there is none of the vice of a general warrant if the individual is thus identified by physical nexus to the ongoing criminal event itself. In such a setting, the officer executing the warrant has neither the authority nor the opportunity to search everywhere for anyone violating a law. So long as there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant, presence becomes the descriptive fact satisfying the aim of the Fourth Amendment. The evil of the general warrant is thereby negated. To insist nonetheless that the individual be otherwise described when circumstances will not permit it, would simply deny government a needed power to deal with crime, without advancing the interest the amendment was meant to serve.

"And it is well to note that the real issue is whether the truth revealed by the search shall be suppressed and a false judgment of not guilty entered. Although not so limited in its application, the suppression rule was invented to deter insolence in office . . . (citing cases). Needless to say, there is no official arrogance when the officers place the facts before a magistrate for his view rather than search

and seize upon their own assessment of the factual pattern when it accrues. Since it furthers the constitutional purpose to encourge applications to a magistrate, we should take a view of the problem which will make that course feasible."

Upon the facts of the within case, the search warrant passes constitutional test even though the issue may be a close one. The affidavit supporting the warrant should be interpreted in a common sense and a realistic fashion rather than in a hypertechnical manner. *Commonwealth v. Carelli,* 308 Pa. Super. 522 at 530, 454 A.2d 1020 (1982) quoting *United States v. Vantresca,* 380 U.S. 102 at 108, 88 S.Ct. 741 at 745, 13 L.Ed.2d 684 (1985). Moreover, the determination of probable cause by the district justice who issued the search warrant must be accorded great deference. *Commonwealth v. Carelli,* supra; *Spinelli v. United States,* 393 U.S. 410 at 419, 89 S.Ct. 584 at 590, 21 L.Ed. 2d 637 (1969).

Applying these principles, we intrepret the affidavit as indicating that drug transactions were recently observed to occur on more than one occasion at the premises. We interpret the affidavit as indicating that the participants in those drug transactions, other than Ricardo Colon and his wife, are individuals who come to the premises. And we interpret the affidavit as indicating that the participants in the observed drug transactions conceal the drugs on their person.

This common sense and realistic interpretation of the affidavit, i.e., that persons at the premises will probably be participants in a drug transaction, is confirmed by the method of the challenged search. The police did not use the warrant as a pretext for a general search. They did not search the children on the premises. Instead, they searched only the adults.

Upon a fair reading of the affidavit and the search warrant, we hold that these adults — including defendant — are individuals reasonably identified by physical nexus to the suspected criminal event on the premises. We, therefore, rule that this search pursuant to this search warrant does not violate the constitutional prohibitions against unreasonable searches and seizures.

The test then, which we adopt, is the requirement of a showing of a well grounded suspicion or belief that an offense is taking place and that the individual to be searched is party to it. So long as there is good reason to believe that anyone present at the anticipated scene will probably be a participant, then presence becomes the descriptive fact satisfying the aim of the constitutional requirement of particularity in naming or describing the person or persons to be searched.

It is to be stressed that each warrant is to be assessed upon the individual facts presented in support of the application for that warrant. The Constitution of the United States and the Constitution of Pennsylvania make clear our commitment to the right of individuals to be free from unreasonable searches and seizures. It will be difficult, although not impossible, to conceive a broader authorization for search that may still pass constitutional muster than the search warrant which we hereby approve under the specific facts of this case.

As a result, the court shall enter an order denying defendant's motion to suppress evidence.

## ORDER

And now, June 16 1987, defendant's motion to suppress evidence is hereby denied.