J-S89010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BILLAE R. LEWIS, | |
| Appellant | No. 2957 EDA 2015 |

Appeal from the Judgment of Sentence September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012196-2013

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 30, 2017**

Appellant, Billae R. Lewis, appeals from the judgment of sentence entered following his guilty plea to one count of possession of a firearm prohibited.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On September 10, 2013, Appellant was arrested and charged with Possession of a Firearm Prohibited (18 Pa.C.S. §610[5]), Carrying a Firearm Without a License (18 Pa.C.S. §6106), and Carrying a Firearm on the Public Streets (18 Pa.C.S. §6108), and other related charges.  On May 21, 2015, Appellant proceeded to a jury trial on the charges of [Violation of the Uniform Firearms Act ("VUFA")] §6106 and §6108, and the charge of VUFA §6105 was bifurcated.  On May 22, 2015, the jury found Appellant guilty of both VUFA §6106 and §6108.  On

---

[*]  Former Justice specially assigned to the Superior Court.

that same day, Appellant indicated his desire to enter a guilty plea to VUFA §6105.

This [c]ourt conducted a thorough colloquy of Appellant. During the colloquy, Appellant was specifically informed of the crime, the facts to which he was pleading guilty, and that he was giving up his right to have the same jury hear the evidence against him in regard to the crime; he acknowledged that he understood them. This [c]ourt then performed an oral colloquy, during which the Appellant responded affirmatively to all questions regarding whether or not he was knowingly, intelligently and voluntarily entering the plea. This [c]ourt accepted Appellant's guilty plea and sentencing on all the charges was continued to July 20, 2015. On June 22, 2015, Appellant filed a motion to withdraw his guilty plea prior to sentencing. On July 27, 2015, the [c]ourt denied Appellant's motion to withdraw his guilty plea. Sentencing was continued until September 18, 2015, where the [c]ourt sentenced the Appellant to four to ten years [of] incarceration on VUFA §6105, three and a half to seven years [of] incarceration on VUFA §6106 to run consecutive, and no further penalty on VUFA §6108.

On September 24, 2015, Appellant filed a Notice of Appeal to the Superior Court. On October 6, 2015, this [c]ourt issued an order pursuant to Pa.R.A.P. Rule 1925(b) requiring the Appellant to file a concise statement of matters complained of on appeal within 21 days. On March 28, 2016, Appellant filed his 1925(b) statement. On appeal, Appellant contends that this [c]ourt erred in not allowing Appellant to withdraw his guilty plea.

Trial Court Opinion, 5/12/16, at 1-2 (internal citations omitted).

Appellant presents the following issue for our review: "Did the trial court commit an abuse of discretion by denying Appellant's pre-sentence motion to withdraw his guilty plea?" Appellant's Brief at 2 (full capitalization omitted). In support of his claim, Appellant asserts that a review of the guilty plea hearing establishes that the colloquy was legally deficient to effectuate a valid guilty plea. *Id.* at 6. While Appellant acknowledges that

this Court has recognized that the validity of the colloquy must be determined by examining the totality of circumstances and that a mere omission within the colloquy will not render the plea invalid, Appellant asserts that the omissions here were so deficient that Appellant did not have a full understanding of the rights he was waiving. *Id.* at 7.

Our standard of review is as follows:

> The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (internal citations omitted).

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, cmt.; ***Commonwealth v. Pollard,*** 832 A.2d 517, 522–523 (Pa. Super. 2003).

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Additionally, a written plea colloquy that is read, completed, and signed by the defendant, and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Commonwealth v. Morrison***, 878 A.2d 102, 108-109 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.). "Our law presumes that a defendant who

enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." **Pollard**, 832 A.2d at 523 (internal citation omitted).

As noted, the charge for violation of 18 Pa.C.S. § 6105 ("the Section 6105 charge")[1] was bifurcated from the other two VUFA charges that were addressed in the jury trial. Immediately following trial on the related charges and the reading of the verdict, Appellant entered his guilty plea to the Section 6105 charge and the trial court conducted an on-the-record, oral colloquy. N.T., 5/22/15, at 122-127. During that colloquy, the court explained the charge pending against Appellant. **Id.** at 124-125. Additionally, the trial court identified that Appellant's prior record involving a conviction for a 2001 robbery made him ineligible to carry a firearm for the purposes of Section 6105. **Id.** at 122. The trial court advised Appellant that he was entitled to a jury trial. **Id.** at 124. The sentencing guidelines were also addressed. **Id.** at 125. Appellant asserted that he was knowingly, intelligently, and voluntarily entering his plea. **Id.** at 124.

Moreover, Appellant completed and signed a written guilty plea colloquy that has been made part of the record. Colloquy for Plea of Guilty/ Nolo Contendere, 5/22/15, at 1. In it Appellant acknowledges that he was

---

[1] 18 Pa.C.S. § 6105(a)(1) provides, in relevant part, as follows: "A person who has been convicted of an offense enumerated in subsection (b) [including robbery], within or without this Commonwealth, . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth."

entering an open guilty plea to the Section 6105 charge. *Id.* The written colloquy reflected the potential sentence of incarceration for five to ten years. *Id.* The written colloquy also reflected Appellant's understanding and acknowledgement of the six required areas of inquiry as outlined in Pa.R.Crim.P. 590. *Id.* Thus, given the totality of circumstances, we are constrained to conclude that Appellant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily entered that plea.

Appellant further contends that the denial of the motion to withdraw "especially constituted an abuse of discretion because the request was made pre-sentence." Appellant's Brief at 10. A presentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion would cause substantial prejudice to the Commonwealth. *Gordy*, 73 A.3d at 623-624. In the context of a presentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position than it would have been had the trial taken place as originally scheduled. *Commonwealth v. Kirsch*, 930 A.2d 1282, 1286 (Pa. Super. 2007). Thus, prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealth's prosecution. *Gordy*, 73 A.3d at 624.

The Pennsylvania Supreme Court has clarified the standards governing presentence withdrawal of a plea as follows:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-1292 (Pa. 2015) (citation and footnote omitted). Moreover, the Supreme Court has concluded that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." ***Id.*** at 1285, 1292.

Here, Appellant has failed to demonstrate that permitting the withdrawal of the plea would promote fairness and justice. Appellant's motion to withdraw his guilty plea filed June 22, 2015, consists of a standard form which includes the following assertion: "[Appellant] asserts that he did not commit any of the charges against him, and he is innocent until proven guilty." Motion to Withdraw Guilty Plea, 6/22/15, at ¶ 4. Appellant did not provide any additional information or explanation supporting that boilerplate clause.

Additionally, at the July 27, 2015 hearing on the motion to withdraw his guilty plea, Appellant failed to set forth any basis for permitting withdrawal that would promote fairness and justice. N.T., 7/27/15, at 1-14.

In fact, Appellant failed to assert even his innocence as a basis at that hearing. Instead, Appellant argued that he "didn't know what [he] was doing" when he entered his plea. *Id.* at 5. Appellant again presented argument regarding his request to withdraw his guilty plea at the September 18, 2015 hearing. N.T., 9/18/15, at 7-14. In support, he simply argued that he did not realize what he was doing when he entered the plea. *Id.* at 8.

Despite Appellant's general assertions that he did not knowingly, intelligently, and voluntarily enter his guilty plea, the record indicates that his plea was knowingly, intelligently, and voluntarily entered. Moreover, Appellant's bare assertion of innocence is not sufficient to require a court to grant a motion to withdraw a guilty plea. *Carrasquillo*, 115 A.3d at 1285, 1292. Accordingly, we agree with the trial court's conclusion that Appellant has failed to assert a fair and just reason for permitting withdrawal of his plea.

Furthermore, the Commonwealth would be prejudiced if Appellant were permitted to withdraw his guilty plea on the Section 6105 charge. At the time Appellant entered his guilty plea, the jury empaneled for Appellant's trial on the related VUFA charges remained. As it became apparent to the trial court that Appellant was wavering on his guilty plea, the trial court offered to bring the jury back to the courtroom to allow the parties to put on evidence of the prior conviction and address the Section 6105 charge. N.T.,

5/22/15, at 123. As noted, the Section 6105 charge had been bifurcated from the other VUFA charges in order to ensure that Appellant was not prejudiced by the information that he had a prior robbery conviction. *Id.* at 124. Appellant, however, chose not to have the evidence on the Section 6105 charge presented to the jury and instead entered his guilty plea to that charge. *Id.* at 123-125. Accordingly, Appellant had an opportunity to change his mind regarding entry of his guilty plea even after having the benefit of the Section 6105 charge being bifurcated from the other two VUFA charges. Thus, allowing Appellant to withdraw his plea would result in substantial prejudice to the Commonwealth. This is the type of prejudice to the Commonwealth against which the rule was intended to protect. *See Commonwealth v. Ross*, 447 A.2d 943 (Pa. 1982) (request to withdraw guilty plea was properly denied when it had been made after the dismissal of key Commonwealth witnesses in reliance on the plea); *Commonwealth v. Carelli*, 454 A.2d 1020 (Pa. Super. 1982) (Commonwealth would be substantially prejudiced if presentence motion to withdraw guilty plea was granted, and the Commonwealth was forced to recall its witnesses for trial, where Commonwealth witnesses were present in court on the day set for trial, and many of the witnesses had travelled great distances and had taken leave from their places of employment to be present at trial). Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's presentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judge Moulton joins the Memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2017